## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CHARLES W. HARRINGTON, JR.,
          Appellant,

      v.

DEPARTMENT OF VETERANS
    AFFAIRS,
          Agency.

DOCKET NUMBER
AT-0714-18-0615-X-1

DATE: July 17, 2024

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Christopher J. Keeven</u>, Esquire, and <u>Conor D. Dirks</u>, Esquire, Washington, D.C., for the appellant.

<u>Dana C. Heck</u>, Esquire, St. Petersburg, Florida, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

On December 30, 2021, the administrative judge issued a compliance initial decision that found the agency in noncompliance with the March 31, 2021 remand initial decision, which reversed the appellant's removal and ordered the agency to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

restore him to duty and to pay him appropriate back pay and benefits. *Harrington v. Department of Veterans Affairs*, MSPB Docket No. AT-0714-18-0615-C-1, Compliance File (CF), Tab 14, Compliance Initial Decision (CID); *Harrington v. Department of Veterans Affairs*, MSPB Docket No. AT-0714-18-0615-M-1, Remand File (RF), Tab 18, Remand Initial Decision (RID). For the reasons discussed below, we now find the agency in compliance and DISMISS the petition for enforcement.

## DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE

On March 31, 2021, following remand of the case from the Federal Circuit for further adjudication, the administrative judge issued a remand initial decision reversing the appellant's removal and ordering the agency to restore him to duty and to pay him applicable back pay, with interest, and benefits. RID at 1, 7-8. The remand initial decision became the Board's final decision on May 5, 2021, after neither party filed a petition for review.

On July 9, 2021, the appellant filed a petition for enforcement of the initial decision. CF, Tab 1. The administrative judge granted the petition for enforcement and again ordered the agency to take appropriate steps to pay the appellant and submit proof of compliance to the Board. CID at 5. After neither party petitioned for review, the matter was referred to the Board to obtain compliance. *See* 5 C.F.R. §§ 1201.183(b)-(c).

On February 8, 2022, the Board issued an acknowledgment order directing the agency to submit evidence showing that it had complied with all the actions identified in the compliance initial decision. *Harrington v. Department of Veterans Affairs*, MSPB Docket No. AT-0714-18-0615-X-1, Compliance Referral File (CRF), Tab 1. The agency responded on February 23, and February 28, 2022, that it had paid the appellant all the back pay owed with interest by two, separate payments, which were issued to the appellant by the Defense Finance

and Accounting Service (DFAS) on September 3, 2021, and February 18, 2022. CRF, Tabs 2, 3.

On March 15, 2022, the appellant responded that the agency had not fully complied with these actions because it failed to explain why the agency did not include any overtime and/or night and weekend differentials in its back pay calculations. CRF, Tab 4. He also alleged that the agency's calculations did not appear to account for overtime and/or night and weekend differentials. *Id.* The agency responded that the appellant had not provided evidence for any entitlement not already included in the back pay calculation. CRF, Tab 5.

On April 20, 2022, the Board issued an order requiring the agency to specifically address, via affidavit and documentary evidence, how its backpay calculations complied with various requirements. CRF, Tab 6. Thereafter, the parties exchanged responses, and the agency filed several declarations detailing its various payments to the appellant. CRF, Tabs 7-9, 12-13, 15-18. The appellant eventually filed a compliance status report acknowledging that he has now received all appropriate back pay. CRF, Tab 19.

## ANALYSIS

When the Board finds a personnel action unwarranted or not sustainable, it orders that the appellant be placed, as nearly as possible, in the situation he would have been in had the wrongful personnel action not occurred. *House v. Department of the Army*, 98 M.S.P.R. 530, ¶ 9 (2005). The agency bears the burden to prove its compliance with a Board order. An agency's assertions of compliance must include a clear explanation of its compliance actions supported by documentary evidence. *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011). The appellant may rebut the agency's evidence of compliance by making "specific, nonconclusory, and supported assertions of continued noncompliance." *Brown v. Office of Personnel Management*, 113 M.S.P.R. 325, ¶ 5 (2010).

The agency has filed multiple submissions explaining its compliance efforts, and the appellant has confirmed that he has received all pay and benefits to due him. CRF, Tab 19. Accordingly, we find that the agency has complied with its obligations.

The appellant noted that he did not receive his entire back pay award until June 2023, because of delays by the agency. CRF, Tab 19. He argued that these delays of almost two years were unjustified and required him to accrue significant attorney fees, and he requested the opportunity to seek additional attorney fees for the period from May 15, 2022, to June 30, 2023. *Id.* The Board's regulations provide that attorney fee petitions cannot be filed until after the relevant case has concluded. 5 C.F.R. § 1201.203(d). The issuance of this Final Order concludes this compliance action. Accordingly, the appellant may file his attorney fee petition in accordance with the regulations at 5 C.F.R. § 1201.203.

For the reasons stated above, the Board finds the agency in compliance and DISMISSES the petition for enforcement. This is the final decision of the Merit Systems Protection Board in these compliance proceedings. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

**NOTICE TO THE APPELLANT REGARDING**
**YOUR RIGHT TO REQUEST**
**ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your attorney fees motion with the office that issued the initial decision on your appeal.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:           *Gina K. Grippando*
                                        _____
                                        Gina K. Grippando
                                        Clerk of the Board

Washington, D.C.